UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 10-81-JJB

THOMPSON W. CHINWOH,
SAMUEL B. JOHNSON,
STEPHANIE DANGERFIELD, and
BRADIS D. HICKS, a/k/a Michelle Hicks

## RULING AND ORDER

This matter is before the Court on motions to sever filed by Defendants Thompson W. Chinwoh (doc. 28), Stephanie Dangerfield (doc. 32), and Samuel B. Johnson (doc. 34). The government filed an opposition (doc. 37). There is no need for oral argument. For the following reasons, Defendants' motions to sever are DENIED.

### Background

The defendants in this case are charged with numerous counts of health care fraud and one count of conspiracy to commit health care fraud. One defendant, Bradis Hicks, a/k/a Michelle Hicks, is also charged with wrongful disclosure of individually identifiable health care information. The defendants are charged with these offenses in one indictment. Defendants Chinwoh, Johnson, and Dangerfield have now moved for severance.

Analysis and Conclusion

Under the Federal Rules of Criminal Procedure, offenses may be charged in the same indictment if those offenses are (1) of the same or similar character; (2) based on the same act or transaction; or, (3) connected with or constitute parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Regarding joinder of defendants, Rule 8(b) provides that the indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) further provides, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

There is a well-recognized preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. U.S.*, 506 U.S. 534 (1993). This preference particularly holds true in conspiracy cases. *U.S. v. Stalnaker*, 571 F.3d 428, 434 (5th Cir. 2009). Trying defendants together generally serves the interests of justice and promotes efficiency. *Zafiro*, 506 U.S. at 537-38.

Rule 14 of the Federal Rules of Criminal Procedure provides, "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, *or provide any other relief that justice requires*" (emphasis added). The test for severance based on Rule 14 considers whether the jury could reasonably sort out the evidence and view

each defendant and related evidence separately.  *U.S. v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985).  If a trial court determines that cautionary instructions are sufficient, severance is not required.  *Id.*; *Zafiro*, 506 U.S. at 539.  Indeed, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

This court finds that the defendants were properly joined together, as they are each charged with a role in the same conspiracy, which is part of the "same series of acts or transactions, constituting an offense or offenses," as required by Rule 8(b).  The possibility of prejudice that could result from trying these defendants together is minimal, at most.  Instead of severance, this Court finds that it can sufficiently mitigate the possibility of prejudice through jury instructions and by continuing to monitor this case as it progresses to trial.  *See U.S. v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (also noting that juries are presumed to follow the court's instructions).  Therefore, the Court finds that in light of alternative remedies, severance is not necessary to avoid possible prejudice.

Accordingly, Defendants' motions to sever (docs. 28, 32, and 34) are hereby DENIED.

Signed in Baton Rouge, Louisiana, on September 13, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**